Dale Devon SCHEANETTE,
Plaintiff–Appellant,

v.

Doug DRETKE, Director, Texas Department of Criminal Justice, Correctional Institutions Division; C. Biscoe, Individually and in his official capacity Warden, Windham Schools, Individually and in their official capacity as unknown principle; Administrator of Windham School District, Individually and in their official capacity, Defendants–Appellees.

No. 05–41759
Conference Calendar.

United States Court of Appeals,
Fifth Circuit.

Aug. 28, 2006.

the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Dale Devon Scheanette, Livingston, TX, for Plaintiff–Appellant.

Before DAVIS, SMITH, and WIENER, Circuit Judges.

PER CURIAM: *

Dale Devon Scheanette, Texas death row prisoner # 999440, appeals the dismissal with prejudice of his 42 U.S.C. § 1983 suit as frivolous and for failing to state a claim upon which relief could be granted. Scheanette claimed that the denial of educational opportunities to death row inmates violated his federal constitutional rights and the Americans with Disabilities Act (ADA). He also raised state law claims.

Dismissals made pursuant to 28 U.S.C. § 1915A are reviewed de novo. *Ruiz v. United States,* 160 F.3d 273, 275 (5th Cir.1998). Scheanette's claim that he is being denied his equal protection rights because death row inmates do not have the opportunity to obtain a GED while other inmates do have that opportunity fails because inmates with different housing classifications are not similarly situated. *See Martin v. Scott,* 156 F.3d 578, 580 (5th Cir.1998); *Mayabb v. Johnson,* 168 F.3d 863, 870 (5th Cir.1999). Scheanette's claim of supervisor liability is also without merit. *See Thompkins v. Belt,* 828 F.2d 298, 303–04 (5th Cir.1987).

As Scheanette offers no support for his argument that a death sentence consti-

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

tutes "physical injury" under 42 U.S.C. § 1997e(e), his argument to that effect is without merit. *See Williams v. Cain,* 217 F.3d 303, 305 & n. 2 (5th Cir.2000). In addition, Scheanette fails to show that he is disabled within the meaning of the ADA. *See Lightbourn v. County of El Paso, Texas,* 118 F.3d 421, 428 (5th Cir.1997); 42 U.S.C. § 12102(2). The dismissal of his state law claims of negligence and reckless infliction of emotional distress is supported by the record. *See Harper v. Showers,* 174 F.3d 716, 719 (5th Cir.1999); *Skipper v. United States,* 1 F.3d 349, 352 (5th Cir.1993); *Twyman v. Twyman,* 855 S.W.2d 619, 621 (Tex.1993). His state law claim of misrepresentation has been abandoned. *See Yohey v. Collins,* 985 F.2d 222, 224–25 (5th Cir.1993).

Scheanette's appeal is without arguable merit and is dismissed as frivolous. *See* 5TH CIR. R. 42.2; *Howard v. King,* 707 F.2d 215, 219–20 (5th Cir.1983). The dismissal of this appeal as frivolous and the district court's dismissal of his § 1983 suit both count as strikes for purposes of 28 U.S.C. § 1915(g). Scheanette has at least one other strike. *See Scheanette v. Thomas,* No. 4:05–CV–208 (N.D.Tex. Apr. 8, 2005), *aff'd,* 182 Fed.Appx. 345 (5th Cir. 2006). As he has at least three strikes under § 1915(g), he is barred from proceeding in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See Adepegba v. Hammons,* 103 F.3d 383, 388 (5th Cir.1996); § 1915(g).

APPEAL DISMISSED; 28 U.S.C. § 1915(g) BAR IMPOSED.